**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
CHARLES DEAS,                       )
                                    )
         Petitioner,                )
                                    )    Criminal Action
     v.                             )    No. 07-10171-PBS
                                    )
UNITED STATES OF AMERICA,           )
                                    )
         Respondent.                )
_____)

**ORDER**

March 22, 2017

Saris, C.J.

Petitioner, Charles Deas, has moved under 28 U.S.C. § 2255 to vacate and correct his sentence (Docket No. 82). Deas argues that his sentence must be vacated because his advisory Guideline sentencing range was calculated under the "career offender" Guideline's residual clause, U.S.S.G. § 4B1.2(a). Deas argues that the Guideline's residual clause is unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015), which held as unconstitutionally vague the identical language in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B).

On March 6, 2017, the Supreme Court issued its opinion in Beckles v. United States, No. 15-8544, 580 U.S. ___, 2017 WL 855781 (March 6, 2017). Beckles held that "the advisory

1

Guidelines are not subject to vagueness challenges under the Due Process Clause." Id. (slip op. at 1). Because Petitioner's sentence was enhanced under the guidelines and was not an ACCA sentence, Beckles forecloses the legal basis for his petition. Therefore, Deas's motion (Docket No. 82) is **DENIED**.

/s/ PATTI B. SARIS
PATTI B. SARIS
Chief United States District Judge